

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00589-CR

Gavino **RIOS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 423613
Honorable Jason Wolff, Judge Presiding

Opinion by:      Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Karen Angelini, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed:  February 11, 2015

AFFIRMED

After a bench trial, Gavino Rios was found guilty of assault causing bodily injury. On appeal, Rios contends the evidence is legally insufficient to support the trial court's implicit rejection of his defensive theories of self-defense and defense of a third person. We affirm the trial court's judgment.

### BACKGROUND

Juan Briseno went to the store to buy cold medication for his mother. Briseno was accompanied by his mother and his four-year-old daughter. Briseno testified he grabbed the

medication and went to the check-out stand to pay. As they were approaching the cashier, Briseno heard a man talking about "wetbacks." Since Briseno, his mother, and his daughter were the only ones in the area, Briseno believed the comment was directed at them. Briseno ignored the man, but the man continued to make comments. Briseno looked at the man who asked Briseno what he was looking at and then started hitting Briseno with a closed fist. Briseno identified Rios as the man who hit him. Rios knocked Briseno to the floor. Photographs showing the injuries to Briseno's eye and back were introduced into evidence. A young lady was with Rios, but Briseno denied making any advances toward her.

On cross-examination, Briseno stated he did not see Rios in the store before encountering him at the cash register. Briseno again denied making any advances toward the woman and denied calling her "masota." Briseno went to the hospital the following day to have his eye examined.

On re-direct examination, Briseno testified Rios also pushed his mother. The store manager intervened and pulled Rios off of Briseno. Briseno called the police, but Rios left before the police arrived.

Briseno's mother testified she went with Briseno and her granddaughter to the store for medication. She was with Briseno the entire time they were inside the store. Briseno's mother testified that Rios approached them and started hitting her son and pushed him to the floor. She tried to pull Rios off, but he pushed her and her granddaughter away. Briseno's mother stated a store employee eventually stopped Rios. She asked Rios why he hit her son, but she could not understand what Rios said because he was speaking in English. Briseno's mother testified her son did not do anything to provoke Rios, and Briseno never said anything to Rios.

On cross-examination, Briseno's mother again stated she was with Briseno the entire time they were in the store. Briseno had no interaction with Rios until they were in line at the register. Briseno was never near the lady who was with Rios, and he never said anything to the lady.

Officer Juan Manuel Delgado was dispatched to the store for an assault in progress. Officer Delgado observed Briseno's left eye was swollen and bruised. Officer Delgado spoke with Briseno and the store manager who relayed the same version of events. Rios had left the store before Officer Delgado arrived.

Rios testified he was with his wife in the store. Rios saw Briseno looking his wife up and down. Briseno called his wife a "masota" which, according to Rios, means fine woman. Rios said Briseno was disrespecting him, but he ignored it. Rios and his wife went to another aisle, and Briseno came back around and looked at his wife again. When Rios approached the register to pay, Briseno was in line in front of him. Rios said Briseno was giving him dirty looks and staring at Rios's wife so Rios told him to go back to Mexico. When Briseno reached into his pocket, Rios stated he feared for his life because he thought Briseno had a knife or a gun, so he punched Briseno twice. After he punched Briseno, Rios testified Briseno's mother grabbed him, scratched his arm, and started cussing at him. Rios stated he still has scars from where he was scratched. On cross-examination, Rios admitted he did not see any weapons, and Briseno did not verbally threaten him.

After hearing the foregoing testimony, the trial court found Rios guilty of assault causing bodily injury. Rios appeals.

DISCUSSION

As previously noted, Rios challenges the sufficiency of the evidence to support the trial court's implicit rejection of his defensive theories.

A.      Self-Defense and Defense of Third Person Defined

Section 9.31(a) of the Texas Penal Code defines the defensive theory of self-defense. TEX. PENAL CODE ANN. § 9.31(a) (West 2011). Under section 9.31(a), "a person is justified in using force against another when and to the degree the actor reasonably believes force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." The use

of force against another is not justified in response to verbal provocation alone. *Id*. at § 9.31(b)(1).

Section 9.33 of the Code defines the defensive theory of defense of a third person. *Id*. at § 9.33.

Under section 9.33, a person is justified in using force against another to protect a third person if:

(1) under the circumstances as the actor reasonably believes them to be, the actor would be justified

under section 9.31 in using force to protect himself against the unlawful force he reasonably

believes to be threatening the third person he seeks to protect; and (2) the actor reasonably believes

his intervention is immediately necessary to protect the third person. *Id*.

> B.      Burden of Proof

A defendant bears the initial burden of production with regard to the defenses of self-

defense and defense of a third person. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App.

2003). This requires the defendant to produce some evidence that supports the particular defense.

*Zuliani*, 97 S.W.3d at 594. Once the defendant meets this burden by producing some evidence,

the State then bears the burden of persuasion to disprove the raised defense. *Zuliani*, 97 S.W.3d

at 594; *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 2001). The burden of persuasion

is not one that requires the production of evidence, so the State is not required to affirmatively

produce evidence refuting the defensive claim. *Saxton*, 804 S.W.2d at 913. Instead, the State is

required only to prove its case beyond a reasonable doubt. *Zuliani*, 97 S.W.3d at 594; *Saxton*, 804

S.W.2d at 913. When the defendant is found guilty, there is an implicit finding against the

defensive theory. *Zuliani*, 97 S.W.3d at 594; *Saxton*, 804 S.W.2d at 914.

> C.      Legal Sufficiency Standard of Review

In evaluating the legal sufficiency of the evidence, "we consider all the evidence in the

light most favorable to the verdict and determine whether, based on that evidence and reasonable

inferences therefrom, a rational juror could have found the essential elements of the crime beyond

a reasonable doubt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). "Viewing the

evidence 'in the light most favorable to the verdict' under a legal-sufficiency standard means that the reviewing court is required to defer to the [factfinder's] credibility and weight determinations because the [factfinder] is the **sole** judge of the witnesses' credibility and the weight to be given their testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (emphasis in original). The factfinder can choose to believe all, some or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.3d 459, 461 (Tex. Crim. App. 1991).

### D.    Analysis

Rios was charged with the offense of assault causing bodily injury by intentionally, knowingly, and recklessly causing bodily injury to Briseno by striking him and pushing him with his hand. Rios admitted that he punched Briseno, and he does not challenge the trial court's finding that he committed an assault. Instead, Rios contends he was justified in punching Briseno because Rios reasonably believed Briseno was reaching into his pocket for a weapon. To support this belief, Rios relies on his own testimony that Briseno had leered at his wife and was giving him dirty looks while in line at the register. However, the trial court also heard conflicting evidence from the other witnesses that Briseno did not approach Rios while in the store, that Rios called Briseno a "wetback," and that Briseno did not take any action to provoke Rios.

Faced with the conflicting evidence, the trial court was required to assess the credibility of the witnesses. Although we could infer the trial court disbelieved Rios's version of the events from its finding of guilt, we need not rely on an inference. In announcing his verdict, the trial judge expressly told Rios, "I don't find you credible whatsoever." Viewing the evidence under the applicable standard and deferring to the trial court's resolution of the credibility of the witnesses and the weight to be given to the conflicting evidence, we hold the evidence is legally sufficient to support the trial court's implicit rejection of Rios's claims of self-defense and defense of a third person. *See Miranda v. State*, 350 S.W.3d 141, 148-49 (Tex. App.—San Antonio 2011,

no pet.) (holding evidence sufficient to support jury's rejection of self-defense and defense of third person where only evidence in support of defensive theories was defendant's testimony which conflicted with the testimony of multiple other witnesses).

## CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH